**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 08-cr-00340-REB-03

UNITED STATES OF AMERICA,

      Plaintiff,

v.

3.  ANTHONY SHIPPLEY,
      a/k/a "Buddy,"

      Defendant.

---

**ORDER REITERATING AND RATIFYING THE COURT'S EXTANT ORDER DENYING
DEFENDANT'S FORTHWITH MOTION
TO PRECLUDE TESTIMONY OF BENJAMIN MAESTAS**

---

**Blackburn, J.**

The matter before me is defendant's **Forthwith Motion To Preclude Testimony
of Benjamin Maestas For a Violation of Mr. Shippleys Right To Present a Defense,
Forfeiture By Wrong Doctrine, And For Violation of The Court's Protective Order
[Doc 99]** [#986] filed October 6, 2010.  The government filed a response [#987] on
October 6, 2010.

  I heard the motion on October 7, 2010.  I denied the motion in a ruling from the
bench in open court before the commencement of the trial on October 11, 2010. I now
supplement the findings of fact, conclusions of law, and orders I entered on October 11,
2010.

In ruling on the motion, I considered the following:

- all relevant adjudicative facts in the file and record of this action;

- the **Protective Order Regarding Jencks Act Material and Rule 16**

**Material** [#99] entered October 29, 2008;

- the relevant and competent evidence educed at the hearing on October 7, 2010;

- all evidence presented, reasons stated, arguments advanced, and authorities cited by the parties in their papers or during the hearing in support of and opposition to the motion.

Based on the foregoing, I enter the following findings of fact and conclusions of law, which supplement and explicate those entered from the bench on October 11, 2010..

**FINDINGS AND CONCLUSIONS**:

In support of the motion to preclude the testimony of Benjamine Maestas, defendant advances three principal arguments: (1) that defendant's rights under the Fifth and Sixth Amendment to present a defense have been violated; (2) that the forfeiture by wrong doing doctrine applies; and (3) that the sanction of witness preclusion should be imposed for the violation of the court's protective order.

At issue is the misconduct of Benjamine Maestas concerning five letters, which were admitted during the hearing on October 7, 2010, as Court's Exhibits 1-5, written and sent by Benjamine Maestas during his incarceration at the Clear Creek, Colorado, County Jail while in the custody of the Attorney General and subject to transport by the USMS.

**Violation of the Protective Order**:

The letter to Nick Inman postmarked June 29, 2009 (Court's Exhibit 4) includes three items from discovery (Bates stamps 906, 1818, and 3446), which Benjamine

Maestas received from his attorney. The evidence educed at the hearing does not establish that the publication or dissemination of these three items constituted a violation of the protective order. Further, none of these items of discovery is relevant in any way to the trial of defendant and none of them is prejudicial to the defendant. Finally, any violation of the protective order is best addressed by contempt, not by witness preclusion.

**Fifth and Sixth Amendment Violations**:

To prevail on a claim of violation of the due process right to a fair trial under the Fifth Amendment, the defendant must establish that Benjamine Maestas was an instrument or agent of the government at the time he wrote any one or more of the five letters at issue. However, defendant has not made the required showing.

I find that at the time Benjamine Maestas wrote and sent the five letters at issue

- Benjamine Maestas was not acting or purporting to act as an employee, agent, or servant of the government;

- Benjamine Maestas was not acting with the knowledge of or under the direction or control of the government;

- In fact, the ATF removed Benjamine Maestas as a CI on or about January 27, 2007; thus, any putative formal relationship bet the government and Benjamine Maestas was dissolved well before the writing of the letters;

- The idea and impetus for the letters, including, but not limited to, the addressee and contents, originated with Benjamine Maestas, not the government;

- The government was not involved in any way in the decision to write and

send any of the five letters;

- The government did not advise, instruct, or direct Benjamine Maestas in any way concerning anything related to the writing and sending of these letters;

- The government never made any promises or threats to Benjamine Maestas to cause him to write and send any of the letters;

- Benjamine Maestas was pursuing his selfish, purely personal interests, not those of the government;

- Benjamine Maestas preemptively threatened retribution for those who betrayed him, while he feared retribution from those he betrayed; objectives that have nothing to do with the defendant;

- Benjamine Maestas never had the explicit or implicit approbation or assistance of the gov.

Thus, I conclude ultimately (1) that Benjamine Maestas was not acting as the agent or instrument of the government at the time he wrote and sent any of the five letters at issue; (2) that the government did not know of or acquiesce in the conduct of Benjamine Maestas; (3) that the purpose for the letters was not to assist law enforcement efforts, but instead, to further the selfish and purely personal ends of Benjamine Maestas; and (4) that there is no factual basis on which the misconduct of Benjamine Maestas may, should, or must be imputed to the government.

I find and conclude further that defendant has not suffered any – let alone irreparable – prejudice as a result of the letters or any misconduct of Benjamine Maestas:

- None of the letters is directed to defendant;

- None of the letters mentions the defendant directly or indirectly;

- None of the letters threatens the defendant either directly or indirectly;

- None of the letters refers to any action or inaction of the defendant;

- None of the letters was written to or about defendant;

- None of the letters contains any threats relating to presenting testimony at defendant's trial;

- None of the letters hampered the ability of defense counsel to prepare and present a defense for the defendant;

- The defendant did not circumstantiate that either he or his attorney was prevented or impeded in any way in preparing and presenting a defense;

- The defendant did not identify a single witness, who was otherwise ready, willing, and able to provide exculpatory evidence for the defendant, that did not testify because of these letters;

- In fact, three witnesses, John Bertolucci, Ernest Salas, and Leonard Martinez, who arguably might have been targeted by Benjamine Maestas, nevertheless testified at trial for defendant – and essentially against Benjamine Maestas;

- Even assuming *arguendo* that Benjamine Maestas was acting as the agent of the government, his misconduct did not rise to the level of a violation the constitutional rights of defendant;

- The government did not gain any material advantage and the defendant did not suffer any material disadvantage as a result of the misconduct of

Benjamine Maestas;

- The misconduct of Benjamine Maestas has not adversely affected the right or ability of the defendant to present witnesses or evidence at trial; instead, if anything, the misconduct exposed Benjamine Maestas to cross-examination that was likely to weaken the government's case and strengthen the defendant's case;

I find and conclude further that the defendant has failed to establish that the government engaged in outrageous conduct sufficient to warrant imposition of the extreme sanction of witness preclusion.

### Forfeiture by Wrong Doing Doctrine

I reiterate and asseverate my conclusion that the forfeiture by wrong doing doctrine does not apply.

**THEREFORE, I REITERATE AND RATIFY** my order of October 11, 2010, denying  defendant's **Forthwith Motion To Preclude Testimony of Benjamin Maestas For a Violation of Mr. Shippleys Right To Present a Defense, Forfeiture By Wrong Doctrine, And For Violation of The Court's Protective Order [Doc 99]** [#986] filed October 6, 2010.

Dated October 20, 2010, *nunc pro tunc* to October 11, 2010.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackbum
United States District Judge
